1 | **HOGAN LOVELLS US LLP**
Vassi Iliadis (SBN 296382)
James Ettinger (SBN 344292)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com
jay.ettinger@hoganlovells.com

*Attorneys for Defendant*
*adidas America, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| MATTHEW MILLER, individually and on behalf of all others similarly situated, | Case No. 8:25-cv-1693 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(b), 1446, 1332** |
| v. | (Removed from Orange County Superior Court Case No. 30-2025-01486791-CU-BT-CXC) |
| ADIDAS AMERICA, INC., | |
| Defendant. | [*Defendant's Corporate Disclosure Statement and Notice of Interested Parties and Notices of Appearance filed concurrently herewith*] |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332(a), the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)), 28 U.S.C. §§ 1441(a)-(b), 28 U.S.C. § 1453, and 28 U.S.C. § 1446, Defendant adidas America, Inc. ("adidas" or "Defendant") removes this state court action to this Court.  Removal is proper for the following reasons.

1. On May 30, 2025, Plaintiff Matthew Miller ("Plaintiff") filed a putative class action against Defendant in the Superior Court of California, County of Orange, styled *Matthew Miller v. adidas America, Inc.*, Case No. 30-2025-01486791-CU-BT-CXC (the "Complaint" or "Compl.").

2. Defendant was served with a copy of the Complaint on July 2, 2025. *See* Ex. E.  This Notice of Removal is timely because it was filed within thirty (30) days from the date of service of the initial pleading.  *See* 28 U.S.C. § 1446(b).

3. Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court of California for the County of Orange, in which the *Miller* action was originally filed, is within the Central District of California.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings, process, and orders served or filed in the *Miller* action is attached to this Notice as **Exhibits A through F**.  These documents include: (1) the Court's Docket sheet; (2) Complaint; (3) Summons; (4) Civil Case Cover Sheet; (5) Notice and Acknowledgment of Receipt; and (6) the Superior Court case management conference order (served as part of the process).

5. The Complaint contains a demand for a jury trial.

6. Plaintiff alleges that he is a customer of Defendant.  Compl. ¶ 58.  He further alleges that Defendant's data was "compromised" due to a threat actor "obtaining certain consumer data through a third-party customer service provider" in or around May 23, 2025 (the "Data Security Incident").  *Id.* ¶¶ 2, 19.  Plaintiff

asserts claims for negligence, negligence per se, breach of implied contract, restitution or unjust enrichment, and violation of the California Unfair Competition Law on behalf of himself and a proposed nationwide class comprised of "[a]ll individuals whose PII was disclosed in the Data Breach," *id.* ¶ 77, which Plaintiff alleges "includes potentially hundreds of thousands of individuals." *Id.* ¶ 81.

7. Although Defendant denies any liability, it assumes the allegations in Plaintiff's Complaint are true for purposes of removal. Defendant does not, however, admit the truth of any facts asserted in the Complaint or the validity of Plaintiff's claims and denies that Plaintiff is entitled to any relief. Moreover, by removing this case, Defendant does not consent to personal jurisdiction; does not concede that this Court is a convenient forum; and does not waive any of its defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including its right to have Plaintiff's dispute arbitrated or decided by other means of alternative dispute resolution upon further investigation.[1]

8. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Accordingly, "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

### A. Diversity Jurisdiction Under CAFA

---

[1] *See, e.g., Vinegar v. U.S. Marshals Serv.*, No. CIV. 95-0199, 1996 WL 227860, at *8 n.1 (S.D. Cal. Mar. 27, 1996) ("'A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'") (quoting 5A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1395 (1990)); *DeMartini v. Johns*, No. 3:12-cv-03929, 2012 WL 4808448, at *5 (N.D. Cal. Oct. 9, 2012) (observing that "numerous courts have held that merely removing a case to federal court, where the defendant has not engaged in protracted litigation or obtained discovery, does not give rise to waiver of the right to arbitrate") (collecting cases).

9. CAFA permits removal to federal court of class actions filed in state court if:

   (a) any member of the putative plaintiff class is a citizen of a state different than any defendant (28 U.S.C. § 1332(d)(2)(a));

   (b) the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and

   (c) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332 (d)(2)).

10. The jurisdiction of this Court is proper under CAFA because (1) there exists minimal diversity among all parties; (2) the action was brought as a putative class action with more than 100 putative members; and (3) the aggregate amount-in-controversy—based on Plaintiff's allegations—exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

11. First, Plaintiff asserts his class action on behalf of himself and "all individuals and California residents who are affected by the data breach." Compl. ¶ 1. He further alleges that the putative class includes "potentially hundreds of thousands of individuals who have been damaged by Defendant's conduct[.]" Compl. ¶ 81. Based on these allegations, CAFA's numerosity requirement is met. *See* 28 U.S.C. § 1332(d)(5)(B).

12. Second, Plaintiff and Defendant are diverse from one another, with Plaintiff alleged to be a resident and citizen of California (Compl. ¶ 7), and Defendant an Oregon corporation with its principal place of business located in Portland, Oregon. *Id.* ¶ 6; *see* 28 U.S.C. § 1332(c)(1); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) ("For purposes of determining diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business.'") (citing 28 U.S.C. § 1332(c)(1)). Further, the class Plaintiff purports to represent is a nationwide class comprised of individuals from different states. *Id.* ¶

77. Since "[u]nder CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant," the minimal diversity requirement is met here. *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1275–76 (9th Cir. 2017).

13. Third, with respect to the amount-in-controversy, "[a] defendant removing a putative class action need only demonstrate that the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Morales v. Conifer Revenue Cycle Sols., LLC,* No. 2:23-cv-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (quoting 28 U.S.C. § 1332(d)(2)). Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," the removing defendant may "simply allege or assert in the notice removal that the jurisdictional threshold has been met." *Id*. (cleaned up). "The amount in controversy includes damages '(compensatory, punitive, or otherwise), and the costs of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes or contract.'" *Id*. (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

14. Here, Plaintiff does not allege a specific amount in controversy in the Complaint. However, Plaintiff seeks various forms of monetary and injunctive relief that likely exceed the $5 million threshold.[2]

15. As to monetary relief, Plaintiff seeks actual damages, compensatory damages, statutory damages, and punitive damages. Compl., Prayer for Relief, §§ (e-f) at 28.

16. Plaintiff alleges that he and the putative class are entitled to compensatory relief as a result of the Data Security Incident, which purportedly

---

[2] Of course, "[e]ven when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

caused a variety of harms, including "(a) damage to and diminution in the value of their PII—a form of property that Defendant obtained from Plaintiff; (b) violation of their privacy rights; (c) the likely theft of their PII; (d) fraudulent activity resulting from the Breach; (e) present and continuing injury arising from the increased risk of additional identity theft and fraud, and (f) loss of time rectifying the aftermath of the data breach."  Compl. ¶ 70.

17. Plaintiff does not specify the number of proposed class members but does allege that the putative class includes "potentially hundreds of thousands of individuals who have been damaged by Defendant's conduct[.]" Compl. ¶ 81; *see also id.* ¶¶ 1, 42, 74.  Plaintiff alleges that putative class members need credit monitoring services. *Id.* ¶¶ 124, 142.  Plaintiff does not specify the cost for the credit monitoring services, but they could cost up to $84.80 per person.  S*ee Morales,* 2023 WL 5236729, at *3 (for removal purposes estimating that "[f]or the first two months of credit monitoring, TransUnion charges $59.90 and Equifax charges $24.90, for a total of $84.80.").  If at least 100,000 individuals formed the putative class, the credit monitoring services could amount to $8.4 million.  Thus, based on Plaintiff's allegations in the Complaint, credit monitoring services alone would likely exceed $5,000,000 in damages.

18. In addition to monetary damages, Plaintiff also seeks attorneys' fees. *See* Compl., Prayer for Relief, § (i) at 30.  Courts in this district allow attorneys' fees to be included in the amount-in-controversy estimate when permitted under the asserted claims, and allow a defendant to assume 25% aggregate damages in estimating those fees. *See Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019).  Thus, assuming that Plaintiff is entitled to attorneys' fees, as he has alleged, a lower number of putative class members or purported damages per person would still satisfy the jurisdictional threshold.

19. In addition to monetary relief, Plaintiff seeks thirteen categories of injunctive relief that could potentially require Defendant to make costly changes to

Defendant's information security infrastructure and methods of data storage; engage independent auditors; and engage in numerous types of audits, tests, checks, monitoring, and training programs. Compl., Prayer for Relief § (g)(i)-(xiii) at 28-29.

20. Although Defendant expressly denies that any such changes are necessary or warranted, Defendant estimates that the cost of complying with all the requested injunctive relief would cost a significant amount of money, likely in the millions of dollars. *See International Padi, Inc. v. Diverlink*, No. 03-56478, 03-56788, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party."); *Morales v. Generix Labs., Inc.*, 2010 WL 11595740, at *3 (C.D. Cal. Apr. 19, 2010) ("When a plaintiff seeks injunctive relief the amount in controversy may be calculated by assessing the cost to the defendant of complying with the injunction.").

21. Accordingly, the $5 million amount-in-controversy threshold is met here under several independent categories of requested relief and in the aggregate.

22. As required by 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of this Notice of Removal to Philip L. Fraietta of Bursor & Fisher, P.A., counsel of record for Plaintiff. Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Orange.

**B.    Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

23. The Court also has jurisdiction over this case under 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) Plaintiff and Defendant are citizens of different States.

24. Plaintiff seeks damages, restitution, and injunctive relief on behalf of himself and "potentially hundreds of thousands of individuals" who were allegedly impacted by the Data Security Incident. Compl. ¶ 81, Prayer for Relief at 28-30.

These allegations plainly satisfy the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a).

25. Plaintiff alleges he is a resident and citizen of California (Compl. ¶ 7), and therefore is diverse from Defendant adidas America, Inc., which is an Oregon corporation with its principal place of business located in Portland, Oregon. *Id.* ¶ 6.

26. Defendant expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses. Defendant also reserves its right to amend or supplement this Notice of Removal.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court to assume jurisdiction over this action and to enter orders and grant relief necessary to secure removal.

Dated: July 31, 2025

**HOGAN LOVELLS US LLP**

By: /s/ *Vassi Iliadis*

Vassi Iliadis (SBN 296382)
James W. Ettinger (SBN 344292)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
vassi.iliadis@hoganlovells.com
jay.ettinger@hoganlovells.com

*Attorneys for Defendant
adidas America, Inc.*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

On **July 31, 2025**, I served a true and correct copy of the document described as *NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(b), 1446, 1332* on the interested parties in this action as follows:

| | |
|---|---|
| Philip L. Fraietta, Esq.<br>**BURSOR & FISHER, P.A.**<br>1330 Avenue of the Americas, 32nd Floor<br>New York, New York 10019<br>pfraietta@bursor.com | Counsel for Plaintiff,<br>*Matthew Miller (individually and on behalf of all other persons similarly situated)* |

**BY ELECTRONIC SERVICE:** My electronic business address is zarita.pereira@hoganlovells.com, and I caused the above-referenced document to be electronically served through ONE LEGAL to the party(ies) indicated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 31, 2025**, at Los Angeles, California.

_____
**ZARITA L. PEREIRA**